**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma (jdepalma@litedepalma.com)
Katrina Carroll (kcarroll@litedepalma.com)
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858

**IZARD NOBEL LLP**
Robert Izard
Jeffrey Nobel
29 South Main Street
West Hartford, CT 06107
(860) 493-6292

*Attorneys for Plaintiffs*
[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| REBECCA VIRGIL and HEIDI LANGAN on behalf of themselves and all others similarly situated, | : : : : | Civil Action No._____ |
| Plaintiffs, | : : | |
| vs. | : : | **CLASS ACTION COMPLAINT** |
| JOHNSON & JOHNSON CONSUMER COMPANIES, INC. | : : : | **AND DEMAND FOR JURY TRIAL** |
| Defendant. | : : | |

Plaintiffs, by their attorneys, on behalf of themselves and all others similarly situated,

allege the following pursuant to the investigation of their counsel and based on information and

belief, except as to allegations pertaining to personal knowledge as to themselves.

## NATURE OF THE ACTION

1.      This is a class action against Johnson & Johnson Consumer Companies, Inc. ("Defendant" or "Johnson & Johnson") concerning Aveeno ® brand Baby Wash and Shampoo and Aveeno ® brand Baby Calming Comfort Bath baby wash products (the "Products"). This action seeks to remedy the unfair and deceptive business practices arising from the marketing and sale of the Products as "Natural Formula." The Products' principal display panels ("PDP") state, "Natural Oat Formula." This statement is false and/or misleading to a reasonable consumer because, as set forth more fully herein, the Products contain unnatural, synthetic ingredients and, therefore, are not made according to a Natural Formula.[1]

2.      Plaintiffs and the Class paid a premium for the Products over comparable baby wash products that did not purport to be made according to a Natural Formula. Instead of receiving a Natural Formula product, Plaintiffs and the Class received Products, in direct contradiction to Defendant's representations, which contained unnatural, synthetic ingredients.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. §1332, as amended in 2005 by the Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant. Personal jurisdiction is proper as Defendant is domiciled in New Jersey and has

---

[1] Natural is defined as "existing in or produced by nature: not artificial." http://www.merriam-webster.com/dictionary/natural. "Formula" is defined as a "recipe or prescription giving method and proportions of ingredients for the preparation of some material (as a medicine)." *See www.merriam-webster.com/dictionary/formula.*

2

purposefully availed itself of the privilege of conducting business activities within the State of New Jersey.

4. Venue is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff Rebecca Virgil is a resident of Orange, Connecticut and an individual consumer. Virgil purchased Aveeno Calming Comfort Bath at Target and/or Stop and Shop stores in Milford, Connecticut for her newborn son in 2009. Virgil, like all Class Members, paid a premium for the Products over comparable baby wash products that do not purport to be natural.

6. Plaintiff Heidi Langan is a resident of Trumbull, Connecticut and an individual consumer. Langan purchased Aveeno Calming Comfort Bath at Stop and Shop in Trumbull, Connecticut and/or Toys "R" Us in Milford, Connecticut in 2012 for her five-year old son. Langan, like all Class Members, paid a premium for the Products over comparable baby wash products that do not purport to be natural.

7. Defendant Johnson & Johnson Consumer Companies, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its headquarters and principal place of business at Grandview Road, Skillman, New Jersey, 08558.

## SUBSTANTIVE ALLEGATIONS

8. Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty, and everyday household products. Companies such as Johnson & Johnson have capitalized on consumer appetite for "natural

3

products."  Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over ordinary products that contain synthetic ingredients.  In 2010, for example, nationwide sales of natural products totaled $117 billion.[2]

9.    Aveeno is a brand of body care, facial care, hair care, baby care and sun care products manufactured and marketed by Johnson & Johnson and sold in drugstores, grocery stores and discount stores nationwide.

10.    Defendant falsely represents that the Products are Natural Formula.  The phrase "Natural Oat Formula" appears prominently on the PDP of each Product:

 

[2]http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8

11.     The phrase "Natural Oat Formula" constitutes a representation to a reasonable consumer that the *entire formula* is comprised of natural ingredients.  The phrase "Natural Oat Formula" is misleading to a reasonable consumer because the Products actually contain numerous unnatural, synthetic ingredients.

12.     The Products not only contain ingredients that are not "natural," but also contain ingredients that have a high risk of contamination by 1,4 dioxane, a chemical that is "likely to be carcinogenic to humans."[3]

13.     Incredibly, Aveeno Calming Comfort Bath's purportedly Natural Formula contains Quaternium 15, a preservative that works by slowly releasing *formaldehyde*, a known human carcinogen used for embalming and as a disinfectant, into the Product.

14.     Defendant's false and misleading representations are particularly egregious because the Products are marketed for use on babies.[4]

## THE UNNATURAL INGREDIENTS

15.     In direct contradiction of Defendants' misrepresentations, the Products contain the following unnatural ingredients:

a.  **Aveeno Calming Comfort Bath**

  i.  *Cocomidopropyl Betaine-* a synthetic surfactant[5] used to boost foaming and control viscosity.[6]

  ii.  *Coco Glucoside-* a synthetic surfactant.[7]

  iii.  *Di-PPG- 2 Myreth-10 Adipate-* a synthetic surfactant.[8]

---

[3] http://www.epa.gov/IRIS/subst/0326.htm
[4] *See* http://answers.yahoo.com/question/index?qid=20081011200139AALGvL5.
[5] A surfactant is a chemical used to stabilize mixtures of oil and water by reducing surface tension to ensure ingredients are evenly distributed throughout the product.
[6] http://www.ewg.org/skindeep/ingredient/701520/COCAMIDOPROPYL_BETAINE/
[7] http://www.ewg.org/skindeep/ingredient.php?ingred06=701535

iv.   **Disodium Lauroamphodiacetate-** a synthetic foam booster.[9]

v.   **Glycerol Oleate-** a synthetic emulsifying agent made from glycerin and oleic acid.[10]

vi.   **Glycol Distearate -** a chemical compound used as an opacifying or skin conditioning agent.[11]

vii.   **Laureth 4-** a synthetic polymer made from lauryl alcohol and polyethylene glycol ("PEG"). A byproduct of PEG, 1,4 dioxane is a known carcinogen.[12]  Accordingly, contamination by 1,4 dioxane is a hazard in products containing  Laureth 4.[13]

viii.   **Lauryl Methyl Gluceth 10 Hydroxypropyldimonium Chloride-** a synthetic antistatic and hair conditioning agent.[14]

ix.   **PEG 14m –** a synthetic polymer of ethylene dioxide that has a 1,4 dioxane contamination hazard.[15]

x.   **PEG 80 Sorbitan Laurate-** an ethylated sorbitol derivative of lanolin and ethylene dioxide with contamination hazards from carcinogens 1,4 dioxane and ethylene oxide.[16]

xi.   **PEG 150 Distearate-** a polyethylene glycol diester of stearic acid used as a surfactant.[17]

---

[8] http://www.ewg.org/skindeep/ingredient/701913/DI-PPG-2_MYRETH-10_ADIPATE/
[9] http://www.ewg.org/skindeep/ingredient/702149/DISODIUM_LAUROAMPHODIACETATE/
[10] http://www.ewg.org/skindeep/ingredient/702650/GLYCERYL_OLEATE/
[11] http://www.ewg.org/skindeep/ingredient.php?ingred06=702699
[12] http://www.fda.gov/cosmetics/productandingredientsafety/potentialcontaminants/ucm101566.htm
[13] http://www.ewg.org/skindeep/ingredient/703422/LAURETH-4/#
[14] http://www.ewg.org/skindeep/ingredient/703454/LAURYL_METHYL_GLUCETH-10_HYDROXYPROPYLDIMONIUM_CHLORIDE/
[15] http:// www.ewg.org /skindeep/ingredient/704517/PEG-14M/
[16] http://www.ewg.org/skindeep/ingredient/704685/PEG-80_SORBITAN_LAURATE/

    *xii.*    **Polyquaternium 10-** a synthetic polymeric used as a film forming agent.[18]

    *xiii.*    **Quaternium 15-** an ammonium salt used as a preservative that acts as a formaldehyde releaser.[19]

    *xiv.*    **Sodium Hydroxide-** a synthetic chemical pH adjuster.[20]

    *xv.*    **Tetrasodium EDTA-** a synthetic chelating agent.[21]

  b.   <u>**Aveeno Wash & Shampoo**</u>

    *i.*    **Cocamidopropyl Betaine** – see above.

    *ii.*    **Iodopropynyl Butylcarbamate-** a synthetic toxic preservative.[22]

    *iii.*    **PEG 150 Distearate-** see above.

    *iv.*    **PEG 80 Sorbitan Laurate-** see above.

    *v.*    **Sodium Laureth Sulfate-** a synthetic surfactant that has a contamination hazard from carcinogens 1,4 dioxane and ethylene oxide.[23]

    *vi.*    **Sodium Lauroampho Pg-Acetate Phosphate-** a synthetic surfactant.[24]

    *vii.*    **Tetrasodium EDTA-** see above.

16.    Upon information and belief, all of the sales and marketing concepts, plans, communications and materials concerning the Products were conceived of, written and approved and implemented by Defendant's employees located at Defendant's headquarters in New Jersey. In particular, the misrepresentations on the PDPs alleged above were conceived of, written and approved and implemented by Defendant's employees located at Defendant's headquarters in

---

[17] http://www.ewg.org/skindeep/ingredient/704526/PEG-150_DISTEARATE/
[18] http:// www.ewg.org /skindeep/ingredient/705101/POLYQUATERNIUM-10/
[19] http://www.ewg.org/skindeep/ingredient/705478/QUATERNIUM-15/
[20] http://www.ewg.org/skindeep/ingredient/706075/SODIUM_HYDROXIDE/
[21] http://www.ewg.org/skindeep/ingredient/706510/TETRASODIUM_EDTA/
[22] http://www.ewg.org/skindeep/ingredient/703111/IODOPROPYNYL_BUTYLCARBAMATE/#jumptohere
[23] http://www.ewg.org/skindeep/ingredient/706089/SODIUM_LAURETH_SULFATE/
[24] http://www.ewg.org/skindeep/ingredient/706095/SODIUM_LAUROAMPHO_PG-ACETATE_PHOSPHATE/

New Jersey. Accordingly, all of the alleged acts and practices relevant to this litigation emanated from Defendant's headquarters in New Jersey. Moreover, Defendant received revenues from the sale of the products in New Jersey.

      17.     As set forth herein, Plaintiffs and the class suffered an ascertainable loss in at least the following amounts, in that they paid a premium for the Products over comparable baby wash products made by Johnson & Johnson that are not marketed as "Natural Formula:"

| | Aveeno Baby Calming Comfort Bath ($8.29/18 fl oz)[25] Price per ounce: | $0.46 |
|---|---|---|
| Comparable unnatural product | Johnson's Baby head-to-toe baby wash ($3.99/15 fl oz)[26] Price per ounce: | $0.27 |
| | Premium paid per ounce | $0.19 |
| | *Premium paid per 18 fl oz product* | *$3.42* |

| | Aveeno Baby Calming Comfort Bath ($4.79/8 fl oz)[27] Price per ounce: | $0.59 |
|---|---|---|
| Comparable unnatural product | Johnson's Baby head-to-toe baby wash ($3.99/15 fl oz)[28] Price per ounce: | $0.27 |
| | Premium paid per ounce | $0.32 |
| | *Premium paid per 8 fl oz product* | *$2.56* |

| | Aveeno Baby Wash & Shampoo ($5.99/12 fl oz)[29] Price per ounce: | $0.50 |
|---|---|---|
| Comparable unnatural product | Johnson's Baby head-to-toe baby wash ($3.99/15 fl oz)[30] | |

---

[25] http://www.drugstore.com/products/prod.asp?pid=232135&catid=182480&aid=338666&aparam=goobase_filler
[26] http://www.drugstore.com/johnsons-baby-head-to-toe-baby-wash-original-formula/qxp14457?catid=183491
[27] http://www.drugstore.com/aveeno-baby-calming-comfort-bath/qxp76036?catid=182480
[28] http://www.drugstore.com/johnsons-baby-head-to-toe-baby-wash-original-formula/qxp14457?catid=183491
[29] http://www.drugstore.com/aveeno-baby-wash-and-shampoo-lightly-scented/qxp161536?catid=183492
[30] http://www.drugstore.com/johnsons-baby-head-to-toe-baby-wash-original-formula/qxp14457?catid=183491

| | Price per ounce: | $0.27 |
|---|---|---|
| | Premium paid per ounce | $0.23 |
| | *Premium paid per 12 fl oz product* | *$2.76* |

| | Aveeno Baby Wash & Shampoo ($7.99/18 fl oz)[31] Price per ounce: | $0.44 |
|---|---|---|
| **Comparable unnatural product** | Johnson's Baby head-to-toe baby wash ($3.99/15 fl oz)[32] Price per ounce: | $0.27 |
| | Premium paid per ounce | $0.17 |
| | *Premium paid per 18 fl oz product* | *$3.06* |

18.     Based on the foregoing, Plaintiffs and the Class have been damaged.

## CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this action individually and as a class action pursuant Federal Rules of Civil Procedure Rule 23 on behalf of themselves and the class (the "Class" or "Nationwide Class") defined as follows:

> All purchasers of the Products in the United States during the applicable statute of limitations period.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

20.     In addition and/or in the alternative to the Nationwide Class, Plaintiffs seek to represent the following subclass (the "Connecticut Subclass"):

---

[31] http://www.drugstore.com/aveeno-baby-wash-and-shampoo/qxp232136?catid=182486
[32] http://www.drugstore.com/johnsons-baby-head-to-toe-baby-wash-original-formula/qxp14457?catid=183491

All residents and/or purchasers of the Products in the state of Connecticut during the applicable statute of limitations period. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant.   Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

21.     Upon information and belief, the Class is sufficiently numerous, as it includes thousands of persons who have purchased the Products.

22.     There are questions of law and fact common to the Class and these questions predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a.   whether Defendant advertises or markets the Products in a way that is unfair, deceptive, false or misleading to a reasonable consumer;

    b.   whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, deceptive, or unlawful business practices with respect to the advertising, marketing, and sales of its Products;

    c.   with respect to the Nationwide Class, whether Defendant violated the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*;

    d.   whether Plaintiffs and Class Members conveyed a benefit on Defendant by purchasing the Products;

    e.   whether Defendant has been unjustly enriched in retaining the revenues derived from those purchases of the Products due to the misrepresentations and the resulting injury to Plaintiffs and Class members as alleged above;

f.   whether Defendants' retention of such revenues under these circumstances is unjust and inequitable;

g.   with respect to the Connecticut Subclass, whether Defendant violated the Connecticut Unfair Trade Practices Act, 42 C.G.S. § 42-110a, *et seq*; and

h.   whether, as a result of Defendant's misconduct as alleged herein, Plaintiffs and the Class are entitled to restitution, injunctive and/or monetary relief.

23.   Plaintiffs will fairly and adequately represent the Class and have retained counsel experienced and competent in the prosecution of consumer and class action litigation.  Plaintiffs have no interests antagonistic to those of other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

24.   Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.

25.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Because of the amount of the individual Class member's claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Class would seek legal redress individually for the wrongs complained of here. Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

## FIRST CAUSE OF ACTION

**Asserted by Plaintiffs on Behalf of the Nationwide Class**
**(Violations of New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 *et seq.*)**

26.    The foregoing allegations are realleged and incorporated by reference as if set forth fully herein.

27.    Plaintiffs are "persons" and "consumers" within the meaning of the CFA.

28.    Defendant's misrepresentation that the Products were "Natural Formula" was false and misleading to a reasonable consumer because the Products contained unnatural, synthetic ingredients.

29.    In violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, Johnson & Johnson has used and employed unconscionable commercial practices, deception, fraud, misrepresentations and/or the knowing concealment, suppression, and/or omission of material facts concerning the ingredients in the Products. The foregoing acts, omissions and representations directly, foreseeably and proximately caused Plaintiffs and the Class to suffer an ascertainable loss when they paid a premium for the Products represented to be "Natural Formula," in comparison to products that did not purport to be Natural Formula.

30.    The unfair and deceptive trade acts and practices of Defendant have directly, foreseeably, and proximately caused damages and injury to Plaintiffs and the other members of the Class.

12

## SECOND CAUSE OF ACTION

### Asserted by Plaintiffs on behalf of the Connecticut Subclass
### (Violation of Connecticut Unfair Trade Practices Act ("CUTPA"), 42 C.G.S. § 42-110a, *et seq.*)

31.     The foregoing allegations are realleged and incorporated by reference as if set forth fully herein.

32.     Plaintiffs were "persons" within the meaning of CUTPA.

33.     Defendant's misrepresentation that the Products were Natural Formula was false and misleading to a reasonable consumer because the Products contained unnatural, synthetic ingredients.

34.     Defendant has engaged in unfair or deceptive practices within the meaning of C.G.S. § 42-110(b) by misrepresenting that the Products were "Natural Formula" when they contained unnatural, synthetic ingredients.

35.     The foregoing acts, omissions and representations directly, foreseeably and proximately caused Plaintiffs and the Class to suffer an ascertainable loss when they paid a premium for the Products represented to be "Natural Formula," in comparison to products that did not purport to be "Natural Formula."

36.     The unfair and deceptive trade acts and practices of Defendant have directly, foreseeably, and proximately caused an ascertainable loss to Plaintiffs and the other members of the Class.

## THIRD CAUSE OF ACTION
### Asserted by Plaintiffs on behalf of Nationwide Class
### (Unjust Enrichment)

37.     The foregoing allegations are realleged and incorporated by reference as if fully set forth herein.

38.     Plaintiffs and Class Members conveyed a benefit on Defendant by purchasing the Products.

39.     Defendant has been unjustly enriched in retaining the revenues derived from those purchases of the Products due to the misrepresentations and the resulting injury to Plaintiffs and Class members as alleged above.

40.     Defendant's retention of such revenues under these circumstances is unjust and inequitable.

41.     Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiffs and Class members is unjust and inequitable, Plaintiffs and Class members are entitled to restitution and other proper equitable relief.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this Complaint shall be mailed to the Attorney General of the State of New Jersey within ten days after filing with the Court pursuant to N.J.S.A. 56:8-20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant Johnson & Johnson as follows:

(a)     For an Order certifying the Nationwide Class and Connecticut Subclass under Class under Rule 23, and appointing Plaintiffs as Class Representatives and their attorneys as Class Counsel;

(b)     for an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)     for compensatory damages in favor of Plaintiffs and the other members of the Class and against Defendant for damages under the statutory and common laws as alleged herein;

(d)     for treble damages, reasonable attorneys' fees, filing fees, and the reasonable costs of suit pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-19;

(e)     for injunctive relief as pleaded or as the Court may deem proper;

(f)     for punitive damages as the Court deems proper;

(g)     for equitable restitution;

(h)     for pre- and post-judgment interest;

(i)     for costs and disbursements incurred in connection with this action, including experts' fees;

(j)     for reasonable attorneys' fees and costs; and

(k)     for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 25, 2013

**LITE DEPALMA GREENBERG, LLC**

By:    */s/ Joseph J. DePalma*
Joseph J. DePalma
Katrina Carroll
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

**IZARD NOBEL LLP**
Robert Izard
Jeffrey Nobel
29 South Main Street
West Hartford, CT 06107
Tel: (860) 493-6292

**LAW OFFICE OF MICHAEL A. LAUX**
Michael A. Laux
Nicole A. Veno
8 Myrtle Avenue
Westport, CT 06880
(203) 226-3392

*Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiffs, by their attorneys, hereby certify that to the best of their knowledge, the matter in controversy is not related to any other action.  Plaintiffs are not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: January 25, 2013                    **LITE DEPALMA GREENBERG, LLC**

By:     */s/ Joseph J. DePalma*
        Joseph J. DePalma
        Two Gateway Center, Suite 1201
        Newark, New Jersey 07102
        Tel: (973) 623-3000
        Fax: (973) 623-0858
        jdepalma@litedepalma.com